

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2007

# Susanto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1561

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Susanto v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1009.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1009

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-1561

RUDY SUSANTO;
LIANA WATI  LOW,

Petitioners

v.

ATTORNEY GENERAL OF
THE UNITED STATES

On Petition for Review from a Final Decision of the
Board of Immigration Appeals
BIA Nos. A96-265-981 & A96-265-982
Immigration Judge Miriam K. Mills

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 4, 2007

Before: SMITH, COWEN, and SILER, *Circuit Judges**

(Filed: June 5, 2007)

OPINION

---

*The Honorable Eugene E. Siler, Senior Circuit Judge for the United States
Court of Appeals for the Sixth Circuit, sitting by designation.

SMITH, *Circuit Judge*.

Rudy Susanto and Liana Wati Low, husband and wife, petition for review of an order by the Board of Immigration Appeals (BIA) affirming the denial by the Immigration Judge (IJ) of Susanto's and Low's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] For the reasons set forth below, we will deny the petition for review.

Susanto and Low are natives and citizens of Indonesia. They alleged in their applications that they were persecuted by native Indonesians because they are Christians and because they are of Chinese descent. The IJ noted that their applications for asylum were time-barred under 8 U.S.C. § 1158(a)(2)(B), and neither Susanto nor Low presented any evidence during the hearing to demonstrate changed circumstances warranting an exception to the one year time period under 8 U.S.C. § 1158(a)(2)(C). The IJ determined that the harassment and discrimination Susanto and Low described did not constitute past persecution and that such evidence also failed to establish a clear probability that they would be harmed or tortured if they were repatriated. The IJ acknowledged that there was some religious conflict in certain areas of Indonesia, but noted that Susanto and Low had

---

[1]The IJ had jurisdiction pursuant to 8 C.F.R. § 1208.2(b). The BIA entertained Susanto's appeal pursuant to 8 C.F.R. § 1003.1(b). We possess jurisdiction under 8 U.S.C. § 1252(a).

2

no connection with those areas.  In her order, the IJ noted that Susanto's and Low's claims for asylum had been withdrawn, and denied their claims for withholding of removal and relief under the CAT.

Susanto and Low appealed the IJ's decision to the BIA.  They did not challenge the IJ's determination that their asylum applications had been withdrawn as untimely.  Instead, they argued that the IJ erred by denying their applications for asylum and withholding of removal.  According to Susanto and Low, the evidence established that they had been persecuted on the basis of their religion and their ethnicity, and that they had a well-founded fear of future persecution.

The BIA affirmed the IJ's decision.  It agreed with the IJ that the discrimination that Susanto and Low experienced did not rise to the level of persecution under *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993).  It pointed out that the alleged fear of future persecution was undermined by the fact that members of Susanto's and Low's families continued to reside in Indonesia without experiencing harm.  The BIA also rejected their claim that there was a pattern and practice of persecution against Chinese Christians in Indonesia.

Susanto and Low petitioned for review of the BIA's decision.[2]  They

_____

[2]Susanto's and Low's brief in support of their petition for review neither challenges nor discusses the denial of their claim for relief under the CAT. Accordingly, we deem their CAT claim to be waived.  *Vente v. Gonzales*, 415 F.3d

contend that the IJ deprived them of a fair hearing by excluding evidence which they sought to introduce on the day of the hearing. In addition, Susanto and Low submit that the IJ erred by denying their claims for asylum and withholding of removal as the evidence demonstrated there was a pattern and practice of persecuting ethnic Chinese Christians in Indonesia.[3]

We lack jurisdiction to review whether the exclusion of evidence was error that deprived Susanto and Low of their right to procedural due process as they did not raise this issue before the BIA. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 595 (3d Cir. 2003); *Alleyne v. INS*, 879 F.2d 1177, 1182 (3d Cir. 1989). As we explained in *Bonhometre v. Ashcroft*, 414 F.3d 442, 447 (3d Cir. 2005), an alien must exhaust his claims before the BIA, even if it pertains to his right to due

_____

296, 299 n.3 (3d Cir. 2005).

[3]Susanto and Low do not contest the determination that their asylum applications were untimely under 8 U.S.C. § 1158(a)(2)(B). Indeed, § 1158(a)(3) precludes judicial review of any determination made regarding the timeliness of an asylum application. *See Sukwanputra v. Gonzales*, 434 F.3d 627, 634 (3d Cir. 2006). Accordingly, we are reviewing only the denial of Susanto's and Low's claim for withholding of removal. To the extent we consider the merits of their asylum claim, it is only with regard to whether they have established that they are entitled to withholding of removal under 8 U.S.C. § 1231(b)(3)(A). As we explained in *Lukwago v. Ashcroft*, 329 F.3d 157 (3d Cir. 2003), if an alien "is unable to satisfy the standard for asylum, he necessarily fails to meet the standard for withholding of removal" in § 1231(b)(3)(A). *Id.* at 182; *see also Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir. 1991) (observing that the standard for withholding of removal is more demanding that the standard for asylum).

process, if the alleged error implicates agency expertise and the agency is capable of granting a remedy. In this instance, the BIA clearly had the ability to address the alleged error regarding the administrative process afforded by the IJ.

We possess jurisdiction to review Susanto's and Low's contention that the IJ erred by determining that they failed to establish a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. Because the BIA issued a decision addressing the merits of Susanto's and Low's claims, we review the BIA's decision for substantial evidence. *Lie v. Ashcroft*, 396 F.3d 530, 534 n.3 (3d Cir. 2005) (citing *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002)).

In *Lie*, we acknowledged that an alien may establish a well-founded fear of future persecution by demonstrating that there is a pattern or practice of persecuting a specific group of persons. 396 F.3d at 537 (citing 8 C.F.R. § 208.13(b)(2)(iii)(A)). We agreed with the Eighth and Tenth Circuits that "to constitute a 'pattern or practice,' the persecution of the group must be 'systematic, pervasive or organized.'" *Id.* (citations omitted). In light of this standard, we conclude that there is substantial evidence to support the BIA's determination that Susanto and Low did not meet this threshold. Accordingly, we will deny the petition for review.